**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4929

MARY ANN WALKER, a/k/a Mary
Ann Waldrum,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-14)

Submitted: January 6, 1998

Decided: January 26, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robin M. Crum, Moundsville, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Lisa Grimes Johnston, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary Ann Walker pled guilty to distributing crack cocaine within 1000 feet of a playground in violation of 21 U.S.C.A. §§ 841(a)(1), 860 (West 1994 & Supp. 1997). The district court sentenced her to forty-one months imprisonment to be followed by five years of supervised release. Walker appeals her sentence, contending that the district court erred by enhancing her base offense level under USSG § 2D1.2(a)(3).* She also asserts that even assuming the court did not err in applying USSG § 2D1.2, she did not intentionally or knowingly "involve" a person under the age of eighteen in the drug offense, as required by § 860(c). Finding no error, we affirm.

I.

A drug task force investigated the distribution of crack cocaine in Grandview Manor, an apartment complex located within 1000 feet of a playground, and sent a confidential informant to buy crack at the apartment rented to Yvette Smith. When the informant knocked on the door, Walker answered. The informant said that she was looking for a "hundred," and Walker told the informant to wait. Walker left the apartment and returned with Smith's fifteen-year-old son, who retrieved a plastic bag containing crack cocaine from under the sofa and gave the bag to Walker who, in turn, gave it to the informant. The informant handed Walker $100 for the crack cocaine, and Walker gave the money to the juvenile.

After the district court accepted Walker's guilty plea, the probation officer prepared a presentence report and recommended a base offense level of twenty-six under USSG § 2D1.2(a)(3) because the offense involved a person under the age of eighteen. Walker objected,

_____

*U.S. SENTENCING GUIDELINES MANUAL (1995).

2

contending that under USSG § 2D1.2(a)(1), her base offense level should be sixteen because she did not knowingly employ a person under the age of eighteen. The court overruled Walker's objection, established Walker's base offense level at twenty-six, awarded a three-level reduction for acceptance of responsibility under USSG § 3E1.1, and applied a two-level downward departure for diminished capacity under USSG § 5K2.13, for a total offense level of twenty-one. With a criminal history category of II, the applicable sentencing range was forty-one to fifty-one months. The court sentenced Walker to forty-one months imprisonment and a five-year supervised release term. Walker timely appeals.

II.

On appeal, Walker claims that the district court erred in establishing her base offense level at twenty-six under USSG§ 2D1.2(a)(3). Factual findings made by the district court in connection with the application of an enhancement under the sentencing guidelines are reviewed for clear error, while issues of law are subject to de novo review. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996).

Specifically, Walker asserts that the district court should not have enhanced her base offense level under USSG § 2D1.2(a)(3) because the indictment did not allege the involvement of a person under the age of eighteen nor was she convicted of using or employing a minor to distribute drugs in violation of § 860(c) or 21 U.S.C.A. § 861 (West Supp. 1997). Although Walker relies on United States v. Locklear, 24 F.3d 641 (4th Cir. 1994), her reliance is misplaced.

In Locklear, one defendant was convicted of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C.§§ 841, 846. See 24 F.3d at 643-44. The district court increased that defendant's base offense level under USSG § 2D1.2 for use of a juvenile in the conspiracy. Id. at 647. We vacated the defendant's sentence, id. at 649, finding that "[USSG §] 2D1.2 is intended not to identify a specific offense characteristic which would . . . increase the offense level over the base level assigned by [§] 2D1.1, but rather to define the base offense level for violations of 21 U.S.C. §§ 859, 860, 861." Id. at 648.

Although Walker--like the defendant in Locklear--was convicted of distributing crack cocaine under § 841, the cases differ in one

3

important respect. Walker distributed the crack cocaine within 1000 feet of a playground--a violation of § 860, one of the statutory provisions to which USSG § 2D1.2 applies. Section 2D1.2, entitled "Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy," therefore is the "guideline section . . . most applicable to the offense of conviction (i.e., the offense conduct charged in the . . . indictment of which the defendant was convicted)." USSG § 1B1.2(a). Where, as in USSG § 2D1.2, there is more than one base offense level, courts determine the applicable base offense level using the relevant conduct provisions of USSG § 1B1.3. See USSG § 1B1.2(b) & comment. (n.2). We find that in establishing a base offense level of twenty-six under USSG § 2D1.2(a)(3), the district court properly considered that Walker left the apartment to find the fifteen-year-old juvenile, who retrieved the crack cocaine that was sold to the informant.

Walker also urges this court to read into USSG § 2D1.2(a)(3) the statutory requirements of § 860(c) by defining "involve" as "employs, hires, uses, persuades, induces, entices, or coerces a person under 18 years of age to violate [§ 860]" and by requiring that she "knowingly and intentionally" involved a juvenile in the offense. 21 U.S.C.A. § 860(c). We decline to do so. The plain language of the guideline states that a base offense level of twenty-six is warranted "if the offense involved a person less than eighteen years of age." USSG § 2D1.2(a)(3). Walker clearly satisfies the guideline's requirements because she brought the juvenile to the apartment to retrieve the drugs for the informant.

Accordingly, we affirm Walker's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED